18126

James E. PATRICK, as Administrator of the Estate of Terry Lee Patrick, Respondent, v. SOUTH CAROLINA HIGHWAY DEPARTMENT, Appellant.

(133 S. E. (2d) 751)

*Messrs. Daniel R. McLeod, Attorney General,* and *Benjamin B. Dunlap, Assistant Attorney General,* of Columbia, and *James L. Moss, Jr.,* of York, *for Appellant,*

*Messrs. Robert M. Ward* and *Samuel B. Mendenhall,* of Rock Hill, *for Respondent,*

December 2, 1963.

BRAILSFORD, Justice.

The sole question involved on this appeal is whether the complaint in an action against the South Carolina High-

way Department for the wrongful death of a five-year-old child must allege that the parents of the child, for whose benefit the action is brought, were not contributorily negligent. We think that the circuit court correctly concluded that such an allegation is unnecessary.

The relevant sections of the South Carolina Code deal with the waiver of the Department's immunity from suit. Sections 33-229 through 33-232 prescribe the conditions on which actions for personal injury or property damage may be prosecuted and require that the person bringing the action allege and prove that he did not bring about the injury by his own negligence nor negligently contribute thereto. Section 33-233 waives the Department's immunity from suit for wrongful death, where such death results from an injury for which the Department could have been sued by the decedent had he survived. The complaint in such an action must allege that the decedent's negligence did not cause or contribute to his injury. Otherwise, the complaint would not state facts sufficient to show that the decedent could have maintained an action had he survived, which is the statutory requirement. The statute simply does not require allegation or proof that the beneficiaries of an action for wrongful death were not contributorily negligent. Hence, any such negligence is a matter of defense under the general law.

The complaint in this action alleges that the decedent did not negligently cause or contribute to his injury. We express no opinion as to whether this allegation was necessary in view of the tender age of the child and the conclusive presumption that he was incapable of contributory negligence.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.